SECURITY STATE BANK OF WATERVILLE v. A. A. FARMER.[1]

November 30, 1928.

No. 26,746.

**Findings sustained that defense of usury was not proved.**

In this action to foreclose a mortgage and trust deed in which the defense of usury was interposed, the findings of the trial court that the transaction resulting in the execution and delivery of said instrument was a joint venture and that there was no usury involved are sufficiently supported by the evidence and must stand.

Joint Adventures, 33 C. J. § 96 p. 871 n. 21.
Usury, 39 Cyc. p. 1055 n. 77.

Action in the district court for Ramsey county to foreclose a trust deed and mortgage. There were findings for the plaintiff, and defendant appealed from that part of the judgment entered thereon, Orr, J. adjudging the mortgage valid and not usurious. Affirmed.

*Herbert H. Hoar* and *Edson S. Gaylord,* for appellant.

*Tifft & Youngdahl,* for respondent.

HILTON, J.

Appeal from that part of a judgment wherein it was adjudged "that the mortgage described in the complaint in said action is a valid and subsisting mortgage and that it is not usurious."

This action was brought to foreclose a $15,000 mortgage and trust deed dated September 15, 1925, executed by the defendant, in which plaintiff was named as mortgagee and trustee. This instrument was given to secure the payment of 30 coupon bonds of $500 each, numbered from 1 to 30 consecutively, payable ten years from date, with interest at the rate of six per cent per annum, payable semiannually, the first interest being payable March 15, 1926. The property securing this encumbrance was an apartment building in St. Paul. It was insured for $20,000. The mortgage and trust

[1]Reported in 222 N. W. 278.

deed was properly executed and delivered and was duly recorded on October 7, 1925.

There were two defenses interposed: (1) That there was no default in the conditions of the mortgage; (2) that the bonds, mortgage and trust deed were usurious. The case was fully tried on both issues and judgment was entered that the mortgage was a valid and subsisting one and not usurious, and that the foreclosure thereof could not be had in this action because it was prematurely commenced.

The usury question is the only one involved on this appeal. The evidence was in conflict. If there was sufficient evidence reasonably tending to support the finding of the court that there was no usury, then its conclusion must stand. 1 Dunnell, Minn. Dig. (2 ed.) § 411, and cases cited.

The evidence sufficiently establishes the following facts: George Dredge, R. F. Gold and C. W. Glotfelter were the persons who consummated the deal resulting in the bond transaction. Dredge and Gold knew of the apartment property and called Glotfelter's attention to it, stating that it could be bought and sold quickly at a profit. They did not have the means with which to finance its purchase. They took Glotfelter to inspect the property. It was necessary to pay $7,200 to the owner of the property and $3,878.25 to pay off the then encumbrance thereon. Two hundred dollars was required as a cash payment in an earnest money contract covering the property which was taken in the name of one Swenson. This amount was furnished by Glotfelter to Gold for that purpose. Neither Dredge nor Gold invested any money in the transaction. The cash advanced by Glotfelter and that secured from the sale of the bonds paid for the property.

As a matter of convenience defendant Farmer was secured as the one in whom the title to the property should rest, and she executed the mortgage and trust deed and signed the bonds. She invested no money whatever in the property and had no real interest in it.

Glotfelter took and personally retained six of the bonds. He testified that the three (Gold, Dredge and himself) were the pur-

chasers of the property and that he was entitled to a third interest therein; that it was finally mutually agreed that he should take the six bonds as his share of the profits, leaving Dredge and Gold as equal owners of the equity. Dredge and Gold testified that Glotfelter insisted on the $3,000 in bonds taken by him as a bonus in making the loan, thus attempting to establish usury as against plaintiff, Glotfelter being its president. This testimony, if true, would wipe out the $15,000 encumbrance, make the bonds worthless and leave the property clear. If it was simply a loan that Glotfelter was being consulted about, a statement to him that the property could be bought and sold quickly at a profit would not interest him. The value of the property as security would be his primary concern.

The bonds were all disposed of. Eleven were originally sold to plaintiff as an investment in its bond account, six were retained by Glotfelter, four were sold to his son-in-law, five were taken by Gold to sell, and Dredge later purchased four of them. The evidence satisfactorily shows that the plaintiff bank did not make the loan.

The court found that the three parties entered into a joint venture and that Glotfelter received the $3,000 in bonds as his share of the profits therein, and that Dredge and Gold received other consideration for their respective shares. It was also specifically found that the "said loan * * * was not usurious and there was no usury of any kind and character in connection with said loan and mortgage." In addition to the conflicting evidence, the court had for consideration the books and records of the plaintiff relative to the transaction, which supported the findings.

The case was thoroughly tried and at length. The trial judge had the opportunity of seeing and hearing the witnesses while testifying. He was in a far better position than is an appellate court to determine the weight to be given their evidence. His final findings of fact were amply supported and must stand, and the conclusions of law based thereon were proper.

Judgment affirmed.